**[J-20-2020][OAJC - Dougherty, J.]**

**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 25 WAP 2019 |
| | : | |
| Appellee | : | Appeal from the Order of the Superior |
| | : | Court entered on 10/18/18 at No. 1082 |
| | : | WDA 2017, affirming the judgment of |
| v. | : | sentence of the Court of Common Pleas |
| | : | of Allegheny County entered 6/27/17 at |
| | : | No. CP-02-CR-0000765-2015 |
| LAVELLE JOHNSON, | : | |
| | : | |
| Appellant | : | SUBMITTED:  April 16, 2020 |

*DISSENTING OPINION*

**CHIEF JUSTICE SAYLOR**                    **DECIDED:  OCTOBER 21, 2020**

I respectfully differ with the lead Justices' position that the issue on which appeal was allowed -- namely, the claimed overbreadth of a search warrant -- cannot be meaningfully untangled from the unpresented issue of whether a supporting affidavit was sufficient to establish probable cause.  *See* Opinion Announcing the Judgment of the Court, *slip op.* at 14.

The lead opinion correctly relates that specific details can be highly relevant in determining whether the threshold of probable cause has been asserted on the face of a police officer's affidavit.  *See id.* at 20 n.7.  Presently, for example, while the affidavit of probable cause indicates that multiple bricks of contraband were located "in plain view" in the apartment in which Appellant was seized, s*ee id.* at 3 (quoting Affidavit of

Probable Cause dated Mar. 31, 2015, at 1-2), it is relevant whether these drugs were in a room or location to which Appellant had access.[1]

There is nothing about such details, however, that impacts upon Appellant's contention that police cannot engage in an unrestricted search of a cellphone for evidence of drug dealing. *See, e.g.*, Brief for Appellant at 11. Appellant's argument is that police failed to describe items for which they were searching "as near as may be," *see* Brief for Appellant at 12 (quoting Pa. Const. art. I, §8), not that the officer's affidavit did not sufficiently depict his location proximate to contraband that was at least otherwise portrayed as being in plain view. *Accord* Brief for Appellant at 30 (discussing "probable cause to search a cell phone" and "the *separate requirement* that warrants not be overbroad") (emphasis added).

In my view, the Court should proceed to decide the important overbreadth issue advanced by Appellant and, if necessary, the associated question of severability. I respectfully dissent relative to the resolution of the case favorably to an appellant who has failed to raise the question being deemed dispositive.

Justice Donohue joins this dissenting opinion.

---

[1] Touching on probable cause, the Commonwealth observe that, "it was quite clear that a drug-dealing operation was being run out of the apartment," and "[Appellant's] presence inside the apartment in the middle of the night -- with multiple cellphones on his person . . . certainly suggested his involvement in the operation." Brief for Appellee at 23. Along these lines, other courts have recognized that a person's admission to a private location in which large quantities of illegal drugs are being openly manufactured or stored gives rise to a reasonable inference of complicity. *See, e.g.*, *U.S. v. Heath*, 455 F.3d 52, 57 (2d Cir. 2006); *U.S. v. Holder,* 990 F.2d 1327, 1329 (D.C. Cir. 1993).